UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CLIFFORD LEON HOUSTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:11-CV-268 |
| ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is brought by plaintiff, Clifford Leon Houston, proceeding *pro se*, in which he claims violations of his civil rights, pursuant to 42 U.S.C. §§1983, 1985, 1986, 1988, violations of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments, and violations of his rights to equal protection and due process. Plaintiff's claims are against the following defendants: Judge Jeffrey Wicks of Roane County General Sessions Court ("Judge Wicks"), Mark Foster, a private attorney ("Foster"), Assistant Attorney General Russell Johnson ("AG Johnson"), Governor Bill Haslam ("Governor Haslam"), Attorney General Robert E. Cooper ("General Cooper"), Ronald Woody ("Woody"), executive of Roane County, the State of Tennessee, and Roane County (collectively, "defendants"). The individuals named in the complaint have been sued in both their individual and their official capacities.

Before the Court are defendants' motions to dismiss [Docs. 4, 15, 18], all pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Also before the Court is plaintiff's motion to recuse Judge Thomas A. Varlan [Doc. 20].

For the reasons set forth herein, and after considering the relevant law, the allegations in plaintiff's complaint, and plaintiff's *pro se* status, the motions to dismiss [Docs. 4, 15, 18] will be granted, plaintiff's claims against these defendants will be dismissed, and this case will be closed. Plaintiff's motion to recuse [Doc. 20] will also be denied.

**I.     Facts[1]**

Defendant Judge Wicks was appointed to hear plaintiff's criminal cases in the Roane County General Sessions Court [Doc. 2, p. 7]. However, because defendant Judge Wicks had conflicts of interest with plaintiff, plaintiff sent proof of these conflicts to defendant Foster, plaintiff's court-appointed counsel, who refused to file a motion for defendant Judge Wicks's recusal [*Id.*, pp. 6-7, 11]. Defendants Judge Wicks, AG Johnson, and Foster then conspired to conceal and cover up defendant Judge Wicks's conflicts of interest with plaintiff [*Id.*, pp. 8-9]. It was also the intent of these defendants engaged in this conspiracy to "threaten and intimidate the plaintiff and to interfere with civil rights and to block the plaintiff from reporting federal crimes[.]" [*Id.*, p. 18].

---

[1]The Court will take plaintiff's factual allegations as true for purposes of these motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint") (citations omitted).

In May 2011, plaintiff filed materials with the Roane County Executive's Office and the Roane County General Sessions Office which contained information regarding defendant Judge Wicks's conflicts of interest with plaintiff [*Id.*, pp. 8-9].[2] Defendants Governor Haslam, General Cooper, and the State of Tennessee then approved, either directly or indirectly, the conspiracy to refuse to file a motion for defendant Judge Wicks's recusal [*Id.*, pp. 19-20]. Defendants Governor Haslam, General Cooper, and the State of Tennessee could have prevented this conspiracy, but they refused to do so [*Id.*, p. 22].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). "[D]etermining whether a complaint states a plausible claim is context-specific requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

---

[2]Plaintiff has attached these materials to his complaint [Doc. 2-1]. Upon review, the Court notes that these materials consist of the first pages of various civil rights lawsuits filed against various defendants by plaintiff and his brother, Rocky Houston.

3

When a defendant challenges subject matter jurisdiction in a motion brought pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion. *Moir v. Greater Cleveland Reg'l Transit. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the plaintiff fails to meet such a burden, the motion to dismiss must be granted. *Moir*, 895 F.2d at 269; *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In consideration of a motion brought pursuant to Rule 12(b)(1), a court may review extra-complaint evidence and resolve factual disputes. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986). "Moreover, on the question of subject matter jurisdiction, the court is not limited to jurisdictional allegations of the complaint but may properly consider whatever evidence is submitted for the limited purpose of ascertaining whether subject matter jurisdiction exists." *Pryor Oil Co., Inc. v. United States*, 299 F. Supp. 2d 804, 807 (E.D. Tenn. 2003) (citing *Rogers*, 798 F.2d at 915-16) (other citations omitted).

A party may also move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's

4

elements will not do." *Twombly*, 550 U.S. at 555. Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. Rather, a pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In this case, plaintiff has elected to proceed *pro se*. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Courts have not been "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 113 F.3d 1235 (Table), 1997 WL 211247, at *1 (6th

Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

## III. Analysis

### A. Motions to Dismiss

Defendants the State of Tennessee, Governor Haslam, General Cooper, and AG Johnson argue that this case should be dismissed because (1) suits against the State of Tennessee and state officials in their official capacities are barred by the Eleventh Amendment; (2) state officials in their official capacities are not "persons" under § 1983; (3) plaintiff has failed to state a claim against defendants Governor Haslam and General Cooper in their individual capacities because these defendants had no personal involvement with plaintiff; (4) plaintiff has failed to state a claim for which relief may be granted against all defendants; (5) and there is no federal right to a recusal. Defendant Judge Wicks argues that the doctrine of judicial immunity bars plaintiff's claims against him in his individual capacity. Defendant Roane County argues that (1) plaintiff has failed to allege any custom, policy, or procedure for which it may be liable, and (2) that plaintiff's complaint contains no factual allegations to support his claim of a conspiracy to violate constitutional rights. Defendant Woody argues that plaintiff has failed to state a claim for which relief may be granted. Defendant Foster argues that this case should be dismissed because (1) plaintiff has failed to allege the deprivation of any federal right, and (2) because there is no allegation that he acted under color of state law.

6

While the Court does not find it necessary to address all of the above arguments for why dismissal is appropriate, the Court will address the most pertinent arguments in turn.

### 1. Eleventh Amendment Immunity[3]

Defendants the State of Tennessee, Governor Haslam, General Cooper, and AG Johnson argue that plaintiff's official capacity claims cannot stand due to the immunity provided the State of Tennessee and state officials under the Eleventh Amendment. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment also bars actions brought by a citizen of a state against his own state in federal court, *Hans v. Louisiana*, 134 U.S. 1, 10 (1890), and bars § 1983 suits against state officials sued for damages in their official capacity. *Cady v. Arenac Cnty*, 574 F.3d 334, 342 (6th Cir. 2009) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citation omitted). Because plaintiff has brought official capacity claims against the State of Tennessee and state officials, including the governor, the Tennessee attorney general, and an assistant attorney general, the Court agrees with defendants that the Eleventh Amendment bars these claims.

---

[3]The Court treats the argument that plaintiff's claims are barred by Eleventh Amendment immunity as a request for dismissal based on lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1).

Accordingly, plaintiff's official capacity claims against defendants the State of Tennessee, Governor Haslam, General Cooper, and AG Johnson are **DISMISSED**.

## 2. Failure to State Claims Pursuant to § 1983

Even if the sovereign immunity conferred by the Eleventh Amendment did not apply in this case, plaintiff has still not stated cognizable claims which state a claim for relief under §1983 and against defendants the State of Tennessee, Governor Haslam, General Cooper, AG Johnson, Judge Wicks, Foster, Roane County, and Woody. In order to establish liability under § 1983, a plaintiff must show that (1) he was "deprived of a right 'secured by the Constitution [or] the laws' of the United States," and (2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (internal quotations and citation omitted); *see also Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

First, plaintiff has not shown that he was deprived of a right secured by the Constitution or the laws of the United States because plaintiff does not have a federal right to recusal. A recusal in either a state or a federal court is discretionary with the court. *See State v. Connors*, 995 S.W.2d 146, 148(Tenn. Crim. App. 1998); *Caruthers v. State*, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991); *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003); *see also* 28 U.S.C. § 455. Furthermore, a federal court does not have the authority to require a state court judge to recuse himself from a state case. 28 U.S.C. § 2283. Thus, since there is no right to recusal under either the Constitution or the laws of the United States, plaintiff has no "right" to defendant Judge Wicks's recusal from his criminal cases in the

8

Roane County General Sessions Court. Accordingly, plaintiff's § 1983 claims against these defendants regarding their decisions or involvement in a conspiracy not to file a motion to recuse was not a deprivation of a federal right.

Second, several of these defendants are not "persons" as defined by the law. Defendant the State of Tennessee is not amenable to suit under § 1983 because it is not a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, because suing a state officer in his official capacity for damages is equivalent to suing the State of Tennessee itself, defendants Governor Haslam, General Cooper, and AG Johnson, all state officials, are immune from suit to the extent they are being sued in their official capacities. *Id.*; *McCormick v. Braverman*, 451 F.3d 382, 399 n.16 (6th Cir. 2006).

To the extent plaintiff has also brought individual capacity claims against defendants Governor Haslam and General Cooper under § 1983, those claims also fail. To state a § 1983 claim against these defendants, plaintiff must allege facts that, if true, would establish that defendants Governor Haslam and General Cooper deprived plaintiff of a federal right while acting under color of law. *Kottymyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The deprivation must have occurred without due process of law. *Adair v. Charter Cnty. of Waybe*, 452 F.3d 482, 492 (6th Cir. 2006). In his complaint, plaintiff has not alleged any facts to show that defendants Governor Haslam and General Cooper were in any way involved in plaintiff's criminal cases or had any personal involvement with plaintiff.

9

In regard to defendant Foster, plaintiff's court-appointed counsel in his state criminal case, it is well settled that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state-law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Moreover, a defense attorney in a criminal case, whether privately retained, appointed, or serving in a legal aid or defender program, does not act under color of state law. *Id.* at 318-25. Finally, as to defendants Roane County and Woody, plaintiff has alleged that these defendants failed to supervise or control the actions of the State defendants and Foster. However, there are no factual allegations in the complaint as to the abilities of defendants Roane County and Woody to control and/or supervise the actions of any named defendant or show how the acts and/or omissions of a defendant could have constituted a deprivation of plaintiff's rights.

Accordingly, all claims brought under § 1983 against the above-named defendants are **DISMISSED** because plaintiff has not shown a deprivation of a federal right in regard to any of these defendants; because defendants the State of Tennessee, Governor Haslam, General Cooper, and AG Johnson, are not "persons" under § 1983; because defendant Foster is not a state actor acting "under color of state law"; and because plaintiff has not alleged any facts relating to the abilities of defendants Roane County and Woody to control and/or supervise any of the State defendants or defendant Foster.

### 3. Judicial Immunity

Furthermore, in regard to plaintiff's § 1983 individual capacity claims against defendant Judge Wicks, judges generally have absolute judicial immunity from civil suits, including cases brought under § 1983 for monetary damages arising out of the performance of their judicial duties. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (referencing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). A judge does not forfeit his immunity even if he took an action in error or maliciously. *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Rather, a judge may be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

In this case, plaintiff's allegations against defendant Judge Wicks concern his conduct as a presiding judge in plaintiff's criminal cases in Roane County General Sessions Court. All of the conduct alleged by plaintiff regarding defendant Judge Wicks is judicial in nature, including his decision not to recuse himself, and defendant Judge Wicks clearly had jurisdiction to perform the judicial functions alleged in the complaint. *Connors*, 995 S.W.2d at 148; *Caruthers*, 814 S.W.2d at 67. Accordingly, because defendant Judge Wicks had jurisdiction to perform the judicial acts alleged in plaintiff's complaint, and absent any evidence showing he acted in the clear absence of jurisdiction during plaintiff's criminal cases, the Court finds that the doctrine of judicial immunity bars plaintiff's § 1983 individual capacity claims against defendant Judge Wicks, and those claims are therefore **DISMISSED**.

### 4. Municipal Liability

Plaintiff has also brought official capacity claims pursuant to § 1983 against defendants, Roane County, Judge Wicks, and Woody. In order for plaintiff to prevail on these claims, he must "identify an unconstitutional policy or custom" employed by those units of the local government which led to his injuries. *Cady*, 574 F.3d at 344. Indeed, "[m]unicipalities are liable for harms resulting from a constitutional violation *only* when the injury resulted from an 'implementation of [the municipality's] official policies or established customs.'" *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J. concurring)). Nonetheless, a "single act by a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action ordered' may suffice in demonstrating that policy or custom." *Cady*, 574 F.3d at 344 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986)).

Here, plaintiff alleges that defendants Roane County, Judge Wicks, and Woody failed to control or supervise the Roane County government in its official duties. Plaintiff, however, has alleged no factual basis supporting such allegations and has identified no decisionmaker with final authority to establish any particular municipal policy. This lack of factual support is especially relevant given that the conduct alleged in plaintiff's complaint involves a judge's decision on a motion for recusal, something which plaintiff has no federal right to and which is within the judge's discretion to grant or deny. Accordingly, the Court finds plaintiff's conclusory allegations of failure to control or supervise are insufficient for establishing a custom, policy, or procedure of defendant Roane County and its officials, and

12

thus, because plaintiff has failed to state claims against these defendants for municipal liability under § 1983, plaintiff's claims against these defendants are **DISMISSED**.

### 5. Conspiracy

Plaintiff alleges that defendants AG Johnson, Judge Wicks, and Foster violated his rights under § 1983 by engaging in a conspiracy to keep conflicts of interest a secret, to threaten and intimidate plaintiff, to keep plaintiff from reporting federal crimes, and, despite the means to do so, defendants Governor Haslam, General Cooper, and the State of Tennessee refused to prevent this conspiracy.

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). While each conspirator did not have to have knowledge of all of the details of the plan or of every single participant, in order to state a conspiracy claim, a plaintiff must show there was "a single plan . . . and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* at 944. A plaintiff must also plead his conspiracy claims "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, No. 09-2196, 2010 WL 4721141, at *10 (6th Cir. November 12, 2010).

Besides alleging the existence of a conspiracy and that its objectives were to violate his civil rights and intimidate him, plaintiff has alleged no facts to show that any of these defendants were involved in a "plan" to deprive plaintiff of his civil rights, nor is there evidence of any agreement between the defendants plaintiff has alleged were engaged in an

13

unlawful action. Therefore, to the extent plaintiff has alleged causes of action for conspiracy pursuant to § 1983 against any of these defendants, those claims will be dismissed as well.

### B. Motion for Recusal

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Interpreting this statute, the United States Court of Appeals for the Sixth Circuit has stated that:

> [A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality. The standard is an objective one; hence, the judge need not recuse himself based on the "subjective view of a party" no matter how strongly that view is held.

*United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotations and citations omitted). Furthermore, the United States Supreme Court has observed that bias that requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Sammons*, 918 F.2d at 599. "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (quotations omitted). The basis for recusal under § 455(a), therefore, cannot be a judge's prior ruling.

Plaintiff has moved for recusal of the undersigned on grounds of "real conflicts of interest" [Doc. 20]. Plaintiff asserts that these conflicts of interest are a result of the undersigned's recusal from plaintiff's brother's civil rights case due to "conflicts of interest" in that case. Plaintiff asserts that these conflicts still exist as to him, that the undersigned has

14

extreme personal bias and prejudice against plaintiff and his family, and that the undersigned will be called as a material witness in this case, along with other judges in the Eastern District, the Clerk of Court, and the United State Attorney for the Eastern District.

First, the Court notes that nothing in plaintiff's motion or this case indicates that the undersigned, any other judge in the Eastern District, the Clerk of Court, or the United States Attorney have any involvement or relationship to the facts alleged in plaintiff's complaint—facts which arise out of criminal cases in state court. Thus, plaintiff's assertion that these individuals will be called as material witnesses in this case has no factual basis. Second, plaintiff has offered no factual allegations or examples of the undersigned's impartiality or bias. Third, the undersigned's order of recusal and the subpoena referenced in plaintiff's motion was in regard to plaintiff's brother's federal case and plaintiff's brother's state criminal court case, respectively [*See* Doc. 20-1]. Plaintiff's brother is not a party to this case and there is no allegation in the complaint relating to plaintiff's brother. Furthermore, the Court notes that a basis for recusal under § 455(a) cannot be a judge's prior ruling, such as a order of recusal in a case that is not the plaintiff's, or the Court's prior contact with a related case. Finally, plaintiff has given no reason for why a reasonable person would question the undersigned's ability to be impartial. Accordingly, the Court does not find plaintiff's reasons to be sufficient reasons warranting recusal and plaintiff's motion for recusal [Doc. 20] is **DENIED**.

### IV. Conclusion

In sum, and for all the reasons given above, defendants' motions to dismiss [Docs. 4, 15, 18] are **GRANTED**, all plaintiff's claims are **DISMISSED**, and the Clerk of Court is **DIRECTED** to **CLOSE** this case. Plaintiff's motion for recusal [Doc. 20] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE